## D. SCHWARTZ & CO. v. S. LEIBERMAN & CO.,

### COURT OF APPEALS, AUSTIN TERM, 1884.

*Terms of the County Court—Constitutional Law.*—It was not until forty days after the general election at which the Amendment to Article V of the Constitution was voted on that the amendment became operative, and clothed commissioner's courts with power to change the time fixed by law for holding civil terms of the county courts. The election was held August 14, 1883, and the amendments took effect September 23, 1883.

*Judgment* rendered at a term of court not authorized by law is a nullity.

Appeal from Tarrant County.

*Ball & McCart*, for the appellant.

The judgment appealed from was rendered at a term of the county court of Tarrant county, beginning on the first Monday in September, 1883, being the third day of said month.

There was no authority of law for holding a term of the county court for civil business to commense on the first Monday in September, 1883. Under the law then in force the September terms of county courts were fixed by law, to begin on the third Monday in that month, and the commissioners court at that time had no power to change the time of holding said courts. (See Con., art. 5, sec. 17; Rev. S., art. 1173.) It was not until the amendment to article five of the constitution became operative that the commissioners courts were clothed with the power to change the time fixed by law, for holding the regular terms of the county courts for civil business. (See amendment to Constitution, acts eighteenth legislature, p. 134.)

This amendment did not become operative until the fortieth day after the election at which it was adopted. (Rev. S. art. 1810; Con. art. 17.) The election occurred on the second Tuesday in August, 1883, which was the fourteenth day of the month. (See acts eighteenth legislature, sec. 2, p. 134.) It was, therefore, not until the twenty-third day of September, 1883, that said amendment went into effect. It was not until then that it was known to have been adopted (Sewell v. The State of Texas, L. Rev. 254; Rear v. The People, 24 N. Y. 270.)

*Rec. Oct. 6, 1898.*

It being apparent that the term of court at which the judgment was rendered, was held without authority of law, the judgment is a nullity, and the same is reversed and remanded.

Opinion by Willson, J.